Khan v Santana
2026 NY Slip Op 03432
June 3, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Raymond Khan, appellant,
v
Nelson Santana, respondent.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 3, 2026
2024-07604, (Index No. 525439/20)
Mark C. Dillon, J.P.
Lara J. Genovesi
Donna-Marie E. Golia
Phillip Hom, JJ.

Bogoraz Law Group, P.C. (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Lori E. Parkman], of counsel), for appellant.
Nancy L. Isserlis (The Zweig Law Firm, P.C., Cedarhurst, NY [Jonah S. Zweig], of counsel), for respondent.

[*1]
DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Richard Velasquez, J.), dated March 13, 2024. The order, insofar as appealed from, granted the defendant's motion to vacate an order of the same court (Sharon A. Bourne-Clarke, J.) dated March 1, 2023, granting the plaintiff's unopposed motion (1) to vacate an order of the same court (Joy F. Campanelli, J.) dated November 2, 2022, which granted that branch of the defendant's motion which was pursuant to CPLR 3215(c) to dismiss the complaint as abandoned, and (2) to restore the case to the active calendar.
ORDERED that order dated March 13, 2024, is affirmed insofar as appealed from, with costs.
The plaintiff allegedly was injured in 2017 due to a motor vehicle collision between a vehicle he was operating and a vehicle operated by the defendant. In August 2020, the plaintiff commenced an action to recover damages for personal injuries against the defendant. Ultimately, that action was dismissed.
In December 2020, the plaintiff commenced this action to recover damages for personal injuries against the defendant. In June 2022, the defendant moved, inter alia, pursuant to CPLR 3215(c) to dismiss the complaint as abandoned. Although the plaintiff submitted opposition papers, his attorney failed to appear at the calendar call and, by order dated November 2, 2022 (hereinafter the dismissal order), the Supreme Court granted that branch of the defendant's motion which was pursuant to CPLR 3215(c) to dismiss the complaint as abandoned.
The plaintiff moved pursuant to CPLR 5015 to vacate the dismissal order and to restore the action to the active calendar. By order dated March 1, 2023 (hereinafter the March 2023 order), the Supreme Court granted the plaintiff's unopposed motion.
The defendant moved to vacate the March 2023 order. The plaintiff opposed the defendant's motion. In an order dated March 13, 2024, the Supreme Court, inter alia, granted the defendant's motion. The plaintiff appeals.
"Under CPLR 5015(a), a court is empowered to vacate a default judgment [or order] for several reasons, including excusable neglect; newly-discovered evidence; fraud, misrepresentation or other misconduct by an adverse party; lack of jurisdiction; or upon the reversal, modification or vacatur of a prior order" (Woodson v Mendon Leasing Corp., 100 NY2d 62, 68). Since the defendant sought to vacate the March 2023 order granting the plaintiff's unopposed motion, the defendant was required to demonstrate both a reasonable excuse for his default in opposing the plaintiff's motion and a potentially meritorious opposition (see World O World Corp. v Anoufrieva, 163 AD3d 610, 611). "Whether a proffered excuse is reasonable is a sui generis determination to be made by the court based on all relevant factors, including the extent of the delay, whether there has been prejudice to the opposing party, whether there has been willfulness, and the strong public policy in favor of resolving cases on the merits" (id. [internal quotation marks omitted]). Here, the Supreme Court properly granted the defendant's motion (see CPLR 5015[a][1]).
The appellant's remaining contentions are without merit.
Accordingly, we affirm the order dated March 13, 2024, insofar as appealed from.
DILLON, J.P., GENOVESI, GOLIA and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court